IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE ARAIZA TRILLO,

     Plaintiff,              No. CIV S-11-2096 EFB P

   vs.

WOODLAND POLICE
DEPARTMENT, et al.,

     Defendants.         <u>ORDER</u>

_____/

     Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I.**     **Request to Proceed In Forma Pauperis**

     Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 2. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## II.    Screening Order

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

////

////

1    The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it does not

2  state a cognizable claim.  Thus, to proceed plaintiff must file an amended complaint.

3    Plaintiff names as defendants the Woodland Police Department, the Monroe Detention

4  Center, the Yolo County Probation Department, and attorney J. Toney.  He alleges he was

5  stopped by a police officer, asked for his identification, handcuffed, placed in a patrol car, and

6  taken to the police station on a charge of possession of a controlled substance.  He claims he was

7  unlawfully detained, falsely charged, falsely arrested, and subsequently denied medical care at

8  the jail.  He also alleges a fear that his medical information will be misused to defame him.

9    To state a claim for relief under § 1983, a plaintiff must allege: (1) the violation of a

10  federal constitutional or statutory right; and (2) that the violation was committed by a person

11  acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v.*

12  *Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

13    Defamation is a state-law cause of action rather than a claim under the federal

14  Constitution, and a "claim for violation of state law is not cognizable under § 1983."  *Cornejo v.*

15  *County of San Diego*, 504 F.3d 853, 855 n.3 (9th Cir. 2007).

16    If plaintiff seeks to challenge the constitutionality of a conviction or the conditions of his

17  parole or probation, he may not do so in this action unless he demonstrates that the conviction or

18  sentence has been invalidated.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States

19  Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly

20  unconstitutional conviction or imprisonment cannot be maintained absent proof "that the

21  conviction or sentence has been reversed on direct appeal, expunged by executive order,

22  declared invalid by a state tribunal authorized to make such determination, or called into

23  question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Heck*, 512

24  U.S. at 486.  Under *Heck*, the court is required to determine whether a judgment in plaintiff's

25  favor in this case would necessarily invalidate his conviction or sentence.  *Id.*  If plaintiff is

26  claiming that defendants violated his federal constitutional rights and as a result he was arrested

3

1   and convicted, plaintiff may not recover damages in this action unless he can prove that his

2   conviction has been reversed.

3       Moreover, section 1983 requires that there be an actual connection or link between the

4   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  *See*

5   *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978).  "A person 'subjects' another to the

6   deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act,

7   participates in another's affirmative acts or omits to perform an act which he is legally required

8   to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740,

9   743 (9th Cir. 1978). Supervisory personnel are generally not liable under § 1983 for the actions

10  of their employees under a theory of respondeat superior; the causal link between a supervisor

11  and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607

12  F.2d 858, 862 (9th Cir. 1979).  Here, plaintiff fails to link any identifiable defendant to an

13  alleged deprivation of his federal rights.

14      Plaintiff names local government entities as defendants.  Municipalities (and their

15  departments) may be sued under § 1983 only upon a showing that an official policy or custom

16  caused the constitutional tort.  *See Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274,

17  280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Haugen v.*

18  *Brosseau*, 351 F.3d 372, 393 (9th Cir. 2003) (granting summary judgment to city and city police

19  department under *Monell*).  "A local government entity cannot be held liable under § 1983 unless

20  the plaintiff alleges that the action inflicting injury flowed from either an explicitly adopted or a

21  tacitly authorized [governmental] policy."  *Ortez v. Wash. County*, 88 F.3d 804, 811 (9th Cir.

22  1996) (citation and quotations omitted) (alteration in original).  "[L]ocal governments, like any

23  other § 1983 'person,' . . . may be sued for constitutional deprivations visited pursuant to

24  governmental 'custom' even though such a custom has not received formal approval through the

25  body's official decisionmaking channels."  *Monell*, 436 U.S. at 690-91.

26  ////

4

Plaintiff also names his court appointed attorney, J. Toney,  as a defendant.  However, attorneys in private practice are not state actors, and therefore do not act under color of state law, an essential element of a § 1983 claim.  *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir.2003); *see also Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981) (similarly, public defenders do not act under color of state law for purposes of § 1983 when performing a lawyer's traditional functions).  Any potential claims for legal malpractice do not come within the jurisdiction of the federal courts.  *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Finally, to state a claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind.  *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992).  A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain.  *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).  Plaintiff has not sufficiently alleged that any named defendant acted with the requisite deliberate indifference for an Eighth Amendment claim or that the acts or omissions of any defendant caused him any injury.

Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint

shall clearly set forth the claims and allegations against each defendant.  Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

In an amended complaint, plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Any amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff  may not change the nature of this suit by alleging new, unrelated claims in an amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Accordingly, the court hereby orders that:

1.  Plaintiff's request to proceed in forma pauperis is granted.

2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order will result in a this action being dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated:  February 21, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE